**CT Corporation**

**Service of Process Transmittal**
01/22/2009
CT Log Number 514340683

TO:     Ronald D. Cook, Senior VP & General Counsel
        Fidelity National Information Services, Inc.
        601 Riverside Avenue
        Jacksonville, FL 32204

RE:     **Process Served in Kentucky**

FOR:    Certegy Check Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stacy Padgett and Terry Ashley-Padgett, Pltf. vs. Certegy Check Services, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Lincoln County Kentucky Circuit Court, KY <br> Case # 08-CI-587 |
| **NATURE OF ACTION:** | Unfair Practice Act, Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Louisville, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/22/2009 postmarked on 01/21/2009 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Katherine K. Yunker <br> Yunker & Associates <br> P. O. Box 21784 <br> Lexington, KY 40522-1784 <br> 859-255-0629 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798079595212 <br> Image SOP <br> Email Notification, Ronald D. Cook Ron.Cook@fnis.com <br> Email Notification, Kathy Hause Kathy.Hause@fnis.com <br> Email Notification, Lynn Cravey Lynn.Cravey@fnf.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4169 Westport Road <br> Louisville, KY 40207 |
| **TELEPHONE:** | 502-721-0133 |

Page 1 of 1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT

**A**

| AOC-105 | Doc. Code: CI | | Case No. | 08-CI-00587 |
|---|---|---|---|---|
| Rev. 5-03 | 01/20/2009 09:57 am | | | |
| Page 1 of 1 | Ver. 1.01 | | Court | ☑ Circuit ☐ District |
| Commonwealth of Kentucky | | | | |
| Court of Justice    www.kycourts.net | | **CIVIL SUMMONS** | County | Lincoln |
| CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

STACY PADGETT

and TERRY ASHLEY-PADGETT

VS.

**DEFENDANT**

CERTEGY CHECK SERVICES, INC.

601 Riverside Ave.

Jacksonville          Florida          32206

**Service of Process Agent for Defendant:**

CT CORPORATION SYSTEMS

4169 Westport Rd.

Louisville          Kentucky          40207

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____1 - 21_____, 2009          _____J. Read_____ Clerk

By: _____ D.C.

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____ Title |

COMMONWEALTH OF KENTUCKY
LINCOLN CIRCUIT COURT
DIVISION NO. ____
Civil Action No. 08 ·CI 00587



FILED
TERESA REED, CLERK

DEC 1 6 2008

LINCOLN CIR./DIST. COURT
BY ____ D.C.

STACY PADGETT and
TERRY ASHLEY-PADGETT,

                                    PLAINTIFFS

        v.

CERTEGY CHECK SERVICES, INC.,

                                    DEFENDANT

**Complaint**

Trial by Jury Requested

The Plaintiffs, Stacy Padgett and Terry Ashley-Padgett, for their Complaint against

Defendant, Certegy Check Services, Inc., state as follows:

### Parties, Venue, and Jurisdiction

1.    Plaintiffs Stacy Padgett and Terry Ashley-Padgett are natural persons who are

citizens of the Commonwealth of Kentucky.

2.    Defendant Certegy Check Services, Inc. ("Certegy"), is a foreign corporation with a

principal place of business at 601 Riverside Avenue, Jacksonville, FL 32204.  Certegy's regis-

tered agent for service of process is C T Corporation System, Kentucky Home Life Building,

Louisville, KY  40202.

3.    Lincoln County is the county in which a substantial part of the events or omissions

giving rise to Plaintiffs' claims occurred and where the injury to them was done and is con-

tinuing.   Damages sought are in excess of the minimum jurisdictional amount of this Court.

### Background

4.    Upon information and belief:  Defendant provides payment authorization services to

retailers.  Through providing these services to third parties — and not on behalf of, or with the

permission of, Plaintiffs — Defendant acquires, records, and retains sensitive and nonpublic in-
formation about each Plaintiff's personal characteristics, identity, financial accounts, and use of
credit. Defendant, as part of its business and for monetary fees, regularly assembles, evaluates,
and reports such information about Plaintiffs and other individuals to third parties. In addition,
Defendant has a practice or engages in a pattern of conduct by which (1) its check authorizations
purport to be based on consumer report information, but are actually based on a calculation of
profit and risk to itself which is systematically biased against authorization, and (2) its proce-
dures for purportedly addressing consumer inquiries about refused checks are designed to obtain
further information from the consumer and to solicit that consumer's participation in programs
run by Defendant providing it with increased access to the consumer's financial information and
the opportunity to collect fees from the consumer.

5.    Defendant sent a letter dated July 17, 2007, addressed to Terry Ashley-Padgett. The
letter stated, *inter alia,* that important information was misappropriated and sold by a Certegy
employee to a data broker, who in turn sold a subset of that data to direct marketing organiza-
tions. The information so transferred or otherwise disseminated to third parties included credit,
check, debit card numbers, and account information, and other private, nonpublic credit infor-
mation (including personal information such as names, telephone numbers, and dates of birth).

6.    Upon information and belief: Defendant's employee accessed and appropriated the
information in the course of his employment or otherwise as an agent or servant of Defendant; in
the alternative, Defendant did not secure the information against access and misappropriation
against those who were not acting in the course of their employment by Defendant or otherwise
as its agents or servants. Defendant knew or should have known of the employee's access and
misappropriation while it was in progress or before transfer of the information was completed.

- 2 -

7.   Upon information and belief:  The information was transferred to third parties without notifying them of their duties and obligations with respect to the information or securing from them certification as to the uses to be made of the information.

8.   Plaintiffs did not give permission to Defendant to retain their confidential and personal financial information or to distribute their consumer reports or other personal confidential information.  Plaintiffs also did not give permission to any of Defendant's employees to access their personal credit and financial information or to sell, broker, or otherwise disseminate that information to third parties.

9.   In the July 2007 letter, Defendant minimizes the scope and effect of the misappropriation, repeating that it "has seen no evidence" that it had led to any theft or fraudulent activity. Defendant also placed the burden of vigilance against such misuse on the consumer, and otherwise attempted to displace responsibility from itself and onto the consumer or third parties.

10.   Plaintiffs thereafter received notices from retailers of orders allegedly placed by them, which they had not placed, and received numerous telephone calls from telemarketers.  Aspects of these notices and telephone calls indicated that someone was misusing information relating to Plaintiffs' financial accounts and identity.

11.   Since the misappropriation, Plaintiffs have experienced difficulty in making payment by check.  On at least one occasion, the same check was rejected by a retailer when one Plaintiff gave verifying identification, but then accepted when the other gave verifying identification.

12.   Plaintiffs have taken steps to make changes to financial accounts and to personal information connected with those accounts.  However, Plaintiffs do not know for how long or to what extent misuse of the misappropriated information continued or whether such misuse will

recur in the future.  The misappropriation and known and unknown consequences thereof has caused them great anxiety, humiliation, and trouble.

13.    Shortly after receiving the July 2007 letter, Plaintiffs became aware of lawsuits filed against Certegy purportedly on behalf of classes of persons which included Plaintiffs.  In one such case, *Lockwood v. Certegy Check Services, Inc.*, M.D. Fla. 8:07-cv-1434, Plaintiffs received a notice that they could request exclusion from a settlement class and, in July 2008, Plaintiffs submitted timely requests to be excluded from the *Lockwood* settlement class.

### Claims

14.    Defendant's acts, omissions, conduct, and practices give rise to claims under the Fair Credit Reporting Act ("FCRA"), 14 U.S.C. §§ 1681 – 1681x, the Kentucky Unfair Practices Act, KRS 367.170, and common-law torts.  Defendant is liable for its employee's individual actions and failures as well as directly for its own acts, omissions, conduct, and practices.

15.    Plaintiffs are "consumers" as defined under the FCRA, 15 U.S.C. § 1681a(c), are identified in KRS 367.120(1) as persons intended to be protected under KRS 367.170, and were foreseeable victims of Defendant's acts, omissions, conduct, and practices.

Fair Credit Reporting Act

16.    Defendant is a "consumer reporting agency" and identifies itself as a "specialty consumer reporting agency" as those terms are defined under the FCRA. 15 U.S.C. §1681a(f) & (w).  Defendant maintains "consumer reports" as that term is defined under the FCRA (15 U.S.C. § 1681a(d)) and the information sold by Defendant's employee amounted to "consumer reports."

17.    Defendant duties under the FCRA include the following:

a.    to furnish a consumer report only for permissible purposes, 15 U.S.C. §1681b(a);

b.  to maintain reasonable procedures designed to limit the furnishing of consumer reports to the listed purposes, 15 U.S.C. §1681e(a); and

c.  to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, 15 U.S.C. §1681e(b)

18.    In conscious disregard for the rights of Plaintiffs, Defendant deliberately, recklessly, or negligently failed to meet its FCRA duties.  Through Defendant's conduct, its employee obtained the subject consumer reports and sold them to others without the respective Plaintiff's consent and for no purpose permissible under the FCRA.  Its reports furnished to third parties have also led to Plaintiffs' tendered payment being rejected in retail transactions.

19.    As a result of Defendant's conduct violating the FCRA, Plaintiffs are entitled to compensatory damages, statutory damages, and the costs and attorney's fees in bringing this action. 15 U.S.C. §§ 1681n, 1681o.

Unfair Practices Act

20.    Defendant has committed unfair, false, misleading, or deceptive acts or practices in the conduct of trade or commerce in the Commonwealth in violation of KRS 367.170, and proximately causing damage to Plaintiffs.  Through KRS 446.070, Defendant is liable to Plaintiffs for damages to be determined according to common-law measures.

Common-Law Torts

21.    Defendant came into possession of Plaintiffs' private personal and financial information and thereafter breached its consequent duty to exercise reasonable care in safeguarding and protecting such information from being compromised, misappropriated, or misused.

22.    Defendant, through its conduct, breached its duty to Plaintiffs by failing to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent

dissemination of Plaintiffs' private information by its employees. Defendant's failure to exercise due care made it not only possible, but probable and foreseeable, that its employee would injure consumers about whom Defendant maintains reports.

23.     Defendant had a duty not to make false or misleading statements (or omissions) to Plaintiffs about the misappropriation or the consequences thereof, and therefore breached that duty in its incomplete and misleading statements. Defendant intended or foresaw that Plaintiffs would rely on its statements and purposely or negligently failed to give Plaintiffs straightforward and full information. Plaintiffs were in a position in which they were required to rely upon Defendant for information — and did so rely to their detriment.

24.     As a proximate cause of Defendant's negligent and wrongful breach of its duties owed to them, Plaintiffs' private personal and financial information was compromised and Plaintiffs were improperly hindered and delayed in preventing harm to themselves from the data disclosures.

25.     In supplying information to retailers and other persons to whom Plaintiffs have tendered payment and causing payment to be refused, Defendant has intentionally or negligently defamed Plaintiffs, placed them in a false light, or provided misinformation to others and interfered with an existing or prospective contractual relation — all to Plaintiffs' harm.

26.     Plaintiffs have suffered and continue to suffer damages due to Defendant's tortious conduct, including disruption in their use of financial accounts and costs of making changes thereto, anxiety, humiliation, emotional distress, loss of privacy, and other economic and non-economic harm.

WHEREFORE, Plaintiffs Stacy Padgett and Terry Ashley-Padgett request the following:

A.     Compensatory damages and equitable relief;

B.   Applicable statutory damages and penalties;

C.   Award of reasonable attorney's fees and expenses of the litigation;

D.   Punitive damages in an amount adequate to punish Defendant's misconduct and to deter

Defendant and others from engaging in similar misconduct in the future; and

E.   Such other relief as to which they may be entitled.

Respectfully submitted,

Katherine K. Yunker
YUNKER & ASSOCIATES
P.O. Box 21784
Lexington, KY 40522-1784
(859) 255-0629
Fax:  (859) 255-0746

ATTORNEY FOR PLAINTIFFS

-7-



TERESA REED
CIRCUIT COURT CLERK
LINCOLN CIRCUIT & DISTRICT C
LINCOLN COUNTY JUDICIAL CEN
101 EAST MAIN STREET
STANFORD, KENTUCKY 40484

CI  08-CI-00587
62R240

7008 0150 0000 8774 7947

CERTEGY CHECK SERVICES, INC,
CT CORPORATION SYSTEMS
4169 WESTPORT RD
LOUISVILLE KY 40207

40207+2747 C038