UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| STACY PADGETT and TERRY ASHLEY-PADGETT,<br><br>  PLAINTIFFS<br>  v.<br><br>CERTEGY CHECK SERVICES, INC.,<br><br>  DEFENDANT | Civil Action No. 5:09-CV-52-JBC<br>Electronically Filed |

## Memorandum in Support of
## Plaintiffs' Rule 12(f) Motion to Strike

Plaintiffs, Stacey Padgett and Terry Ashley-Padgett, submit the following brief in support of their motion to strike insufficient defenses labeled as "Affirmative Defenses" — specifically, the Fourth, Sixth, and Seventh Defenses — from the Answer of Certegy Check Services, Inc. (DE 4).

### Statement of the Case

This action was initiated by Plaintiffs' Complaint filed in Lincoln Circuit Court on December 16, 2008. The Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA"), the Kentucky Unfair Practices Act, KRS 367.170, and common-law torts, in which Defendant (a) caused (or failed in a duty to prevent) the disclosure and compromise of Plaintiffs' private personal and financial information and also improperly hindered and delayed them in minimizing harm from the data disclosures, and (b) caused third persons to refuse Plaintiffs' tendered payments. *See* Complaint (DE 1-4). The earliest date mentioned in the Complaint is for a July 2007 letter sent by Defendant, stating that important information had been misappropriated and sold by a Certegy employee. *Id*. p.4 (¶5). The

Complaint also notes the existence of proposed class actions filed against Certegy based on that misappropriation and Plaintiffs' timely requests in July 2008 for exclusion from a settlement class in *Lockwood v. Certegy Check Servs., Inc.*, M.D. Fla. 8:07-cv-1434. *Id*. p.6 (¶13).

On February 12, 2009, in-house counsel for Certegy requested, and the undersigned counsel provided, information to assist Certegy in identifying the Plaintiffs in its databases. Four days later, Certegy filed a Notice of Removal (DE 1). On February 20, 2009, Certegy filed its Answer (DE 4), denying most of the allegations of the Complaint. It also included eight paragraphs under the heading "Affirmative Defenses." *Id*. pp. 4-5. Plaintiffs now move pursuant to Federal Rule of Civil Procedure 12(f) to strike as insufficient the Fourth, Sixth, and Seventh Affirmative Defenses of the Answer.[1]

## Argument

**Rule 12(f) Standards**

Pleadings frame the issues for the litigation and thereby establish the boundaries for discovery and trial. *See, e.g.*, FED. R. CIV. P. 26(b)(1) (allowing discovery regarding any matter relevant "to the claim or defense of any party"). Answer defenses are pleadings, and as such, "are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin'l, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (upholding an order striking affirmative defenses). As with the application of the Rules to claims, the purpose of the standards for pleading affirmative and other defenses is to "give the opposing party notice ... and a chance to respond." *Smith v. Sushka*, 177 F.3d 965, 969 (6th Cir. 1997); *see* FED. R. CIV. P. 8(b) (Defenses are to be stated in "short and plain terms...."), 8(e)(1) (Pleading averments are to be "simple, concise, and direct."). The Fourth, Sixth, and Seventh Defenses of the Answer are

---

[1] Plaintiffs submit that the other "Affirmative Defenses" are without merit, but do not challenge their sufficiency at this time.

conclusory assertions of the existence of affirmative defenses and attempt to "reserve" any and all defenses without providing a definite statement of facts to indicate which defenses actually might be applicable. This form of pleading does not provide Plaintiffs with sufficient notice about Certegy's defenses. It also overshadows the action with a thicket of issues that have no supportable connection to the litigation.

The adequacy of a complaint can be tested by a Rule 12(b)(6) motion to dismiss; the vehicle for a similar challenge to a defense is a motion to strike. FED. R. CIV. P. 12(f) (providing for an order striking "from any pleading any insufficient defense").[2] The utility of a motion to strike is in eliminating issues that are legally insufficient or unsupported by factual allegations. "[S]uch motions may serve to hasten resolution of cases by eliminating the need for discovery, which in turn saves time and litigation expenses." *FDIC v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (striking parts of the answer in which "defendants made legal conclusions and have presented only vague allegations"); *see also Heller*, 883 F.2d at 1294 ("[W]here, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."). Therefore, "[a] motion to strike under Rule 12(f) is proper where it will eliminate spurious issues before trial and streamline the litigation." *Ameriwood Indus. Int'l Corp. v. Arthur Anderson & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997).

In *Heller*, the Seventh Circuit condemned the stricken defenses as "nothing but bare bones conclusory allegations. [The defendant] omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." 883 F.2d at 1295. Conclusory assertion of an affirmative defense is <u>not</u> sufficient. *National Acceptance Co. v. Regal*

---

[2] Like a Rule 12(b)(6) motion, "[a] motion to strike admits the <u>well-pleaded</u> allegations of the pleading asked to be stricken." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir. 1953) (emphasis added).

*Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994) (striking inadequately pled defenses); *Williams v. Continental Stock Transfer Co.*, 1 F. Supp. 2d 836, 844 (N D. Ill. 1998) (same).[3] Similarly, a pleading may not generally "reserve" other, unspecified defenses. *United States v. Martell*, 887 F. Supp. 1183, 1193 (N.D. Ind. 1995); *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1452 (W.D. Mich. 1989). Thus, the "insufficiency" for which a defense is stricken may be either a pleading inadequacy or a failure to constitute a cognizable defense to the pleader's alleged liability. Certegy's Fourth, Sixth, and Seventh Defenses exhibit both types of insufficiency and should be stricken from the Answer.

**Application to the Fourth, Sixth, and Seventh Defenses**

<u>Conclusory assertion of "release, estoppel, waiver, and unclean hands"</u>

The Seventh Defense asserts that Plaintiffs have done something by which Certegy might avoid liability to them; in full:

> Certegy further asserts the affirmative defenses of release, estoppel, waiver, and unclean hands.

Answer p.5. This fails the pleading requirements that avoidances be "set forth affirmatively," and averments be "simple, concise, and direct." FED. R. CIV. P. 8(c), (e)(1). No factual contentions are made about how Plaintiffs might have released or waived any of their claims, or estopped themselves from asserting one or more of the claims, or acted in a way that they now could be denied equitable relief. Thus, <u>no</u> notice is given about facts or circumstances or how they might constitute an avoidance or affirmative defense of the types conclusorily asserted.

Certegy knows of the various class-action suits filed against it, and was a proponent of the settlement and settlement class in *Lockwood v. Certegy Check Servs., Inc.*, M.D. Fla. 8:07-

---

[3] *Cf. Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007) (dismissal of claims; "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements").

cv-1434. This is not a matter on which the facts are unknown or unavailable to Certegy. If it had any reasonable basis for contending that the *Lockwood* settlement or some other class action has accomplished the release or waiver of Plaintiffs' claims, then Rule 8 required that it go beyond a conclusory assertion and provide some "short and plain" statement of that basis.

<u>Calculably incorrect limitations defense</u>

The Sixth Defense is no less conclusory: "Plaintiffs claims are barred in whole or in part by the applicable statute of limitations." Answer p.5. Certegy points to no statute and alleges no facts to support this assertion or to contradict the dates provided in the Complaint — which go back only to July 2007. The FCRA limitations period is five years from the date of violation or two years after discovery by the claimant of the violation, whichever is less. 15 U.S.C. § 1681p. The basic limitations period for a claim based on violation of KRS 367.170 is at least two years for a KRS 367.220(5) action and otherwise is five years (*see* KRS 413.120(2)). Fraud claims have a five-year limitations period, KRS 413.120(12); injury-to-property claims, a two-year period, KRS 413.125.

In a letter dated July 17, 2007, Certegy disclosed the initiating event for the Complaint, which it presented as a recent occurrence recently discovered by Certegy. This was less than 18 months before the initiation of Plaintiffs' action in Lincoln Circuit Court, and Defendant does not need discovery from Plaintiffs or anyone else to understand the timeliness of Plaintiffs' claims. Furthermore, assuming *arguendo* that a one-year limitations period applied to any of the common-law claims, Defendant is aware of both the rapidity with which class-action complaints were filed against it and the applicability of tolling rules based on *American Pipe and Const. Co. v. Utah*, 414 U.S. 538 (1974). Again, it already has access to the information it needs to calculate the timeliness of claims, even under a short limitations period. If it had a reasonable basis

for asserting a limitations defense, Certegy should have "set [it] forth affirmatively," FED. R. CIV. P. 8(c); if not, it must not just toss it into the Answer, *id*. 11(b).  Striking the Sixth Defense "will eliminate spurious issues ... and streamline the litigation." *Ameriwood*, 961 F. Supp. at 1083.

Attempted reservation of any and all defenses

The remaining "affirmative defense" challenged by Plaintiffs' motion is one that conclusorily and globally asserts defenses with no specification, factual averments, or particulars.  The Fourth Defense attempts to encompass the entire universe of affirmative defenses:

> Certegy further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b), as discovery may prove.

Answer p.4.  This "Affirmative Defense" is patently inconsistent with Rule 8 pleading requirements and is so unspecific as to be meaningless for framing the issues of the litigation or for providing to Plaintiffs due notice and opportunity to respond.  <u>Reserving</u>, rather than pleading, defenses is not allowable:[4]

> Plaintiff objects to defendants' reserved right to add other and further affirmative defenses at a later time.  The United States argues that, first, this is not a defense; and second, it should be stricken from the amended answer because of Rule 8(c) of the Federal Rules of Civil Procedure.  That rule requires a party to set forth affirmative defenses in an answer.  Then if a party wishes to assert additional affirmative defenses, it may seek to amend its answer under Rule [15(a) or (b)].
> ....
> This reserved right to add other defenses shall be stricken from defendants' amended answers.  It serves no function as is and any addition of defenses is properly achieved by the terms of the Rules described above.

---

[4] A concluding paragraph to Plaintiffs' Complaint stating that they "assert, plead, and incorporate by reference, the claims against Defendant Certegy as discovery may prove" would have been plainly impermissible.  The circumstance that such an omnibus reservation is defensive or appears in a responsive pleading does not somehow make it permissible.

*Kelley*, 714 F. Supp. at 1452 (footnote and citations omitted). If Certegy has knowledge of facts or circumstances on which to allege a bar or avoidance to liability, then it must give Plaintiffs proper notice of the affirmative defense through specific allegations. Otherwise, it should not be cluttering the litigation with dubious references to "defenses" which it has no reasonable basis to allege.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that the Court enter an order striking the Fourth, Sixth, and Seventh Affirmative Defenses of Defendant's Answer.

> Respectfully submitted,
>
> Katherine K. Yunker
> YUNKER & ASSOCIATES
> P.O. Box 21784
> Lexington, KY 40522-1784
> (859) 255-0629
> Fax: (859) 255-0746
> yunker@desuetude.com
>
> /s/ Katherine K. Yunker
>
> ATTORNEY FOR PLAINTIFFS

## CERTIFICATE of ECF FILING and SERVICE

I hereby certify that on this the 15th day of March 2009, I electronically filed this document through the ECF system, which will send a notice of electronic filing to Kevin Ray Feazell, attorney of record for Defendant.

> /s/ Katherine K. Yunker
> Attorney for Plaintiffs