IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCY
LEXINGTON DIVISION

| | | |
|---|---|---|
| STACY PADGETT and<br>TERRY ASHLEY-PADGETT,<br><br>Plaintiffs,<br><br>v.<br><br>CERTEGY CHECK SERVICES, INC.<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.  5:09-CV-52 (JBC)<br><br>Judge Jennifer B. Coffman<br><br><br><br>DEFENDANT'S MEMORANDUM<br>IN OPPOSITION TO<br>PLAINTIFFS' MOTION TO<br>STRIKE |

## I.  Introduction

In December 2008, Stacy Padgett and Terry Ashley-Padgett (collectively "Plaintiffs") filed a Complaint against Certegy Check Services, Inc. ("Certegy") alleging violations of the Fair Credit Reporting Act, the Kentucky Unfair Practices Act, and common-law torts.  Certegy answered, denied any wrongdoing, and set forth eight affirmative defenses.  Plaintiffs have now moved this Court to strike as insufficient the Fourth, Sixth, and Seventh affirmative defenses of Certegy's Answer (collectively "Affirmative Defenses").  Certegy's fourth defense "asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b), as discovery may prove."  In its sixth defense, Certegy pleads "Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations."  In its seventh defense, "Certegy further asserts the affirmative defenses of release, estoppel, waiver, and unclean hands."  *See* Answer (Doc No. 4).

As this memorandum will demonstrate, Certegy satisfied both the Federal Rules of Civil Procedure and the law of the United States Court of Appeals for the Sixth Circuit

in pleading each of its Affirmative Defenses. As a result, Plaintiffs' Motion to Strike should be denied.

## II. Argument

Federal Rule of Civil Procedure 8(b)(1) states that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Subsection (c) of Rule 8, specifically addresses affirmative defenses, and makes it clear that a party must "affirmatively state any avoidance or affirmative defense" in responding to a pleading. Rule 8(c) takes this instruction one step further by providing a list of affirmative defenses that must be plead in the responsive pleading. This enumerated list includes four of the defenses Plaintiffs are moving to strike from Certegy's answer: namely, estoppel, release, statute of limitations, and waiver.

Motions to Strike are governed by Federal Rule of Civil Procedure 12(f) which gives a court the ability to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Sixth Circuit has made it clear that Motions to Strike should rarely be granted, explaining in relevant part:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be striken has no possible relation to the controversy.

*Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819 (6th Cir. 1953) (holding that the district court erred in striking the affirmative defenses of the answer because it was not shown that the defenses had no relation to the controversy).

Plaintiffs first argue that Certegy's defenses of release, estoppel, waiver, and unclean hands should be stricken. Nowhere in their motion, however, do Plaintiffs

2

demonstrate that the defenses have no possible relation to the controversy, as required by the Sixth Circuit.  Instead, Plaintiffs' argument is grounded in the idea that Certegy has failed to give the factual contentions necessary to establish its defenses.  This argument fails, because Certegy was not required to give this information at the pleading stage.  In fact, in *Bradford Co. v. Afco Manu., et al.,* 2006 U.S. Dist. LEXIS 3990 (S.D.OH 2006), a court rejected the same argument Plaintiffs are now asserting.  In *Bradford,* the Plaintiff sought to strike the affirmative defenses of estoppel and laches on the grounds that they were not accompanied by factual allegations in support of them.  The court rejected the argument explaining that an "**affirmative defense may be plead in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense**." *Id.* at *13-14 (emphasis added).  The court found that the defendant met this "minimal pleading standard" and that the "**particulars of each defense can be sorted out in discovery**." *Id.* at 14 (emphasis added).  Moreover, in accordance with Federal Rule of Civil Procedure 9(b), pleading an affirmative defense with particularity is only required when a defendant raises the defenses of fraud or mistake.  *Id.*  Neither fraud nor mistake are at issue here.

      Based on the foregoing, it is clear that Certegy did not have to explain the factual circumstances surrounding its defenses of release, estoppel, waiver, and unclean hands.  Discovery is the proper tool for Plaintiffs to search for the factual allegations they contend are lacking from Certegy's Answer.  In sum, since Certegy has satisfied the Federal Rules of Civil Procedure, Plaintiffs' Motion to Strike these defenses is without merit.

Plaintiffs next argue that Certegy's defense of the statute of limitations should be stricken since "Certegy points to no statute and alleges no facts to support this assertion or to contradict the dates provided in the Complaint." *See* Motion to Strike (Doc No. 6). First, as previously explained, Certegy was not required to plead this defense with particularity. Moreover, the date provided in the Plaintiffs' Complaint is not the only date that may be relevant to this action. It is plausible that discovery could prove that Plaintiffs' date was not the applicable date for the tolling of the statute of limitations. Any possibility that an earlier date controls, however remote, is enough to withstand a motion to strike. *Shoucair v. Snacker,* 2008 U.S. Dist. LEXIS 48082 (E.D.MI. 2008) (holding that defendant is allowed to assert the affirmative defense of statute of limitations since discovery has not closed and there may be a possibility-however remote-that evidence will show a different date). Since discovery has not begun, Certegy has not yet had the chance to establish the applicability of an earlier date. As a result, Certegy is entitled to assert the defense of the statute of limitations in this action.

Lastly, Plaintiffs argue that Certegy's fourth defense, which pleads any affirmative defenses set forth in FRCP 8(c) and 12(b), as discovery may prove, must be stricken because it is so "unspecific as to be meaningless for framing the issues of the litigation or for providing to Plaintiffs due notice and opportunity to respond." *See* Motion to Strike (Doc No. 6). In this instance, Certegy decided not to individually plead all the affirmative defenses available to it, but to instead allow the discovery process to reveal any applicable defenses. Certegy's defense specifically limits itself to those defenses that "discovery may prove," thus narrowing the scope of the affirmative defense to those defenses related to the facts of the case. Because of this limitation, Plaintiffs

cannot demonstrate that the defense has no possible relation to the case, as required by the Sixth Circuit. *See Brown, supra,* 201 F.2d at 822. Since a motion to strike should only be granted when the pleading has no possible relation to the controversy, Plaintiffs motion to strike this affirmative defense should be denied.

### III. Conclusion

Certegy has satisfied both the Federal Rules of Civil Procedure and the law of the Sixth Circuit in pleading its Affirmative Defenses. As a result, Certegy respectfully requests that this Court deny Plaintiffs' Motion to Strike.

Respectfully submitted:

/s/ Kevin Ray Feazell
Kevin Ray Feazell
537 East Pete Rose Way
Suite 400
Cincinnati, OH 45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney for Defendant
Certegy Check Services, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2009, a copy of the foregoing was served on the following via first class United States mail, postage pre-paid.

Katherine K. Yunker
YUNKER & ASSOCIATES
P.O. Box 21784
Lexington, KY 40522-1784

/s/Kevin Ray Feazell
Kevin Ray Feazell

329302.1