UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Civil Action No. 09-CV-00052-JBC

STACY PADGETT and
TERRY ASHLEY-PADGETT,

                PLAINTIFFS

v.

CERTEGY CHECK SERVICES, INC.,

                DEFENDANT

**Joint Report of Parties'
Rule 26(f) Meeting**
electronically filed

      The parties, Plaintiffs Stacy Padgett and Terry Ashley-Padgett and Defendant, Certegy Check Services, Inc., hereby submit the report of their Rule 26(f) planning meeting.

      1.    **Meeting:**  Pursuant to Rule 26(f), and the Court's February 25, 2009 Order for Meeting and Report (DE 5), a telephonic meeting was held on March 27, 2009, between: Kevin R. Feazell, Cors & Bassett LLC, 537 E. Pete Rose Way, Ste. 400, Cincinnati, OH 45202-3578 as counsel for Defendant; and Katherine K. Yunker, Yunker & Associates, P.O. Box 21784, Lexington, KY 40522-1784, as counsel for Plaintiffs.

      2.    **Prediscovery disclosures:**  The disclosures required by Rule 26(a)(1) were exchanged on or before March 30, 2009, pursuant to the parties' agreement.

      3.    **Settlement:**  The parties discussed the possibilities for a prompt settlement or resolution of the case, and report that they will continue negotiations toward settlement concurrently with the litigation schedule.

      4.    **Discovery-related issues**:  The parties discussed issues about disclosure or discovery of electronically stored information (including the form or forms in which it should be

produced) and the possible issues about claims of privilege or protection of trial-preparation materials or information considered confidential, proprietary, or otherwise sensitive.  The parties will continue to discuss these issues as they arise in concrete contexts, and may ask the Court to include their agreement(s) thereon in an order.

    5.    **Discovery plan:**  The parties jointly propose to the Court the following discovery plan:

    a.    Discovery will be needed on all issues raised by Plaintiffs in the Complaint for this matter and all defenses asserted by Defendant in its Answer, subject to a pending Motion to Strike (DE 6)).

    b.    All discovery shall be commenced in time to be completed on or before December 1, 2009.

    c.    The parties do not propose any alteration of the limits in the Rules on the number of depositions and interrogatories or the length of depositions or any limitation on the number of requests for admission or documents.

    d.    Reports from retained experts under Rule 26(a)(2) are due on or before September 15, 2009.  Each side shall have 30 days to depose the other's expert(s) and 30 days thereafter to submit any countering expert report.  The parties shall then have 30 days to depose such additional experts.

    e.    Supplementation shall be made as required by Rule 26(e).

    6.    **Other items:**

    a.    The parties recommend that they have until September 15, 2009, to move to amend pleadings or to join any other parties.

- 3 -

  b. The parties recommend that October 15, 2009 (or a date at least 45 days before the close of discovery), be set as the deadline for filing potentially dispositive motions.

  c. The parties recommend that witness and exhibit lists be due 45 days before trial, and that a pretrial conference be held 30 days before trial.

  d. The parties recommend that *Daubert* motions or other challenges to an expert report be due within 60 days of service of the challenged report, and that other motions *in limine* be due 40 days before trial.

  e. The parties estimate that they will need no more than five (5) days for trial, and that there will be issues to submit to a jury.

  f. Counsel agree that they will be ready for trial of this case on and after April 5, 2010.

  g. The parties do not wish to have a scheduling conference before entry of a scheduling order.

  h. The parties have decided that this matter may be referred to a United States Magistrate Judge for all further proceedings, including trial, pursuant to 28 U.S.C. § 636(c). If the matter is not so referred, the parties believe that this matter would be suitable for a settlement conference with a United States Magistrate Judge.

  i. This case does not involve qualified immunity, products liability, or E.R.I.S.A.

Date: April 6, 2009

- 4 -

Respectfully submitted,

| /s/ Katherine K. Yunker | /s/ Kevin R. Feazell , |
|---|---|
| | (with permission by Katherine K. Yunker) |
| Katherine K. Yunker | Kevin R. Feazell |
| YUNKER & ASSOCIATES | CORS & BASSETT, LLC |
| P.O. Box 21784 | 537 E. Pete Rose way, Ste. 400 |
| Lexington, KY 40522-1784 | Cincinnati, OH 45202-3578 |
| Phone: (859) 255-0629 | Phone: (513) 852-8200 |
| Fax: (859) 255-0746 | Fax: (513) 852-8222 |
| Email: yunker@desuetude.com | Email: krf@corsbassett.com |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |

### CERTIFICATE OF SERVICE

I hereby certify, that on this the <u>6th</u> day of April 2009, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Kevin R. Feazell, Esq., Attorney for Defendant; and Katherine K. Yunker, Attorney for Plaintiffs.

/s/ Katherine K. Yunker<br>Attorney for Plaintiffs